People ex rel. Lawrence v Bigwarfe (2025 NY Slip Op 00361)

People ex rel. Lawrence v Bigwarfe

2025 NY Slip Op 00361

Decided on January 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 23, 2025

CV-24-0880
[*1]The People of the State of New York ex rel. Patrick Lawrence, Appellant,
v
Brooks Bigwarfe, as St. Lawrence County Sheriff, Respondent.

Calendar Date:January 3, 2025

Before:Garry, P.J., Pritzker, Lynch, Ceresia and Mackey, JJ.

Patrick Lawrence, Cape Vincent, appellant pro se.
Stephen D. Button, County Attorney, Canton (David F. Huber of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Mary Farley, J.), entered March 14, 2024 in St. Lawrence County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner appeals from a judgment that dismissed his petition for a writ of habeas corpus in connection with his detention following his arrest for various drug and weapons charges. During the pendency of this appeal, petitioner pleaded guilty to criminal possession of a weapon in the third degree in satisfaction of a four-count indictment related to those charges and was sentenced to a prison term of three years, to be followed by a period of postrelease supervision. As petitioner is presently incarcerated at a correctional facility on a presumptively valid judgment of conviction, and is no longer entitled to the relief requested in his habeas corpus petition, the appeal is moot (see People ex rel. Maisonet v Apple, 224 AD3d 1183, 1184 [3d Dept 2024]; People ex rel. Brown v Lamy, 224 AD2d 774, 774 [3d Dept 1996]; People ex rel. Scott v Campbell, 211 AD2d 925, 926 [3d Dept 1995], lv denied 85 NY2d 805 [1995]; see also People ex rel. Bagley v Barnes, 262 AD2d 834, 834 [3d Dept 1999]). We further find that the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 717 [1980]).
Garry, P.J., Pritzker, Lynch, Ceresia and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.